UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PIMENTEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.B. HUNT SERVICES, INC. *et al*.<br><br>　　　　　Defendants. | Case No. 1:21-cv-01826-ADA-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 21-23) |

　　　　On December 29, 2021, this action was removed from Kern County Superior Court by Defendant J.B. Hunt Transport, Inc. (ECF No. 1). On September 26, 2022, the Court ordered the parties to initiate participation in the Court's Voluntary Dispute Resolution Program ("VDRP") and file a joint notice on the docket confirming the same no later than 60 days from the date of the order. (ECF No. 19). 60 days passed, and the parties failed to comply with the Court's order.

　　　　On December 1, 2022, the Court ordered the parties to show cause in writing why sanctions should not be imposed for the parties' failure to file a joint notice confirming their participation in VDRP as ordered by the Court. (ECF No. 21). On December 7, 2022, the parties filed a response to the Court's order to show cause. (ECF No. 22). The parties noted Plaintiff's counsel, Carol Baidas, had left her position and failed to share any upcoming dates and/or deadlines with her colleagues. *Id*. at 2. The parties noted they have arranged for the selection of a mediator and would file a joint stipulation of their selection. *Id*. On December 8, 2022, a notice of appointment from

the VDRP Administrator was entered on the docket indicating Kathryn Richter was appointed as a VDRP Neutral Attorney.  (ECF No. 23).

To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

The Court has considered the *Veritas* factors in light of the representations of the parties and finds that the parties' failure to file a joint report confirming participation in VDRP constitutes excusable neglect.  Accordingly, the Court finds good cause to discharge the order to show cause, and IT IS HEREBY ORDERED that the Court's December 1, 2022, order to show cause (ECF No. 21) is DISCHARGED.

No later than fourteen (14) days after completion of the VDRP session, the parties shall file a Joint VDRP Completion Report.  *See* ECF No. 19.

IT IS SO ORDERED.

Dated:   **December 12, 2022**               _____
                                             UNITED STATES MAGISTRATE JUDGE