1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE PIMENTEL,

　　　　　Plaintiff,

　　v.

J.B. HUNT SERVICES, INC. *et al*.

　　　　　Defendants.

Case No. 1:21-cv-01826-ADA-CDB

ORDER REQUIRING PLAINTIFF TO PAY
SANCTIONS OF $100 PER DAY

(Doc. 39)

On July 21, 2021, Plaintiff Jose Pimentel ("Plaintiff") initiated this action in Superior Court of the State of California, County of Kern.  (Doc. 1).  Defendants removed this action to this Court on December 29, 2021.  *Id*.

On May 11, 2023, the Court issued a scheduling order that, among other things, set a mid-discovery status conference for August 30, 2023, and required the parties to file a joint status report no later than one week before the conference.  (Doc. 32).  On August 23, 2023, the date the joint status report was due, Defendants filed a status report in which counsel detailed his unsuccessful attempts to gain Plaintiff's contribution to the report.  (Doc. 33).

The following day (August 24, 2023), the Court issued an order to show cause for Plaintiff's failure to contribute to the parties' joint status report or, in the alternative timely filing a stand-alone status report.  (Doc. 34).  The Court cautioned Plaintiff that sanctions, including monetary sanctions or dismissal of the action, may be imposed for Plaintiff's failure to comply with a Court order.  *Id*.

1

On August 25, 2023, counsel for Plaintiff filed a declaration in response to the Court's order to show cause and the Court found Plaintiff's neglect in timely contributing to the joint status report to be excusable.  (Docs. 35, 36).

On October 6, 2023, Defendant filed an informal discovery dispute letter brief that reported unsuccessful meet/confer efforts with Plaintiff to resolve a discovery dispute.  (Doc. 38).   On October 10, 2023, the Court ordered the parties to appear for a discovery dispute conference on October 13, 2023.  (Doc. 39).  *Id.*  Further, the Court ordered Plaintiff, no later than 4:00 PM on October 11, 2023, to file a report in which he sets forth his position regarding the disputes identified in Defendant's filing.  *Id.*  Plaintiff did not timely file a response to the Court's order and has made no filing or communicated with Court in any other way concerning the required discovery brief.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent

1   power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these

2   Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate

3   Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may,

4   after reasonable notice and opportunity to show cause to the contrary, take any other appropriate

5   disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the

6   foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court

7   before which the attorney has been admitted to practice." *Id.*

8       Here, despite the Court's direction to file a report in which he sets forth his position

9   regarding the discovery dispute, Plaintiff has failed to comply with the Court's order. (Doc. 39).

10  This is at least the second time Plaintiff has been delinquent in complying with Court orders and

11  he previously was warned that noncompliance would result in the imposition of sanctions. (*See*

12  Doc. 34). Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff

13  to comply with this Court's orders. (Docs. 34, 39). Therefore, to gain Plaintiff's compliance, a

14  $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall

15  continue to be imposed each day thereafter until Plaintiff files a report in which sets forth his

16  position regarding the discovery dispute. Plaintiff's filing of the report on the date of this order

17  will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily

18  deadline shall expire at the close of business each day at 5:00 pm.

19      Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the

20  Court $100 per day, beginning on the date of this order, until Plaintiff files a report on which he

21  sets forth his position regarding the discovery dispute.

22  IT IS SO ORDERED.

23   Dated:   __October 12, 2023__        _____

24                                        UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3