UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PIMENTEL,<br><br>        Plaintiff,<br><br>    v.<br><br>J.B. HUNT SERVICES, INC. *et al*.<br><br>        Defendants. | Case No. 1:21-cv-01826-ADA-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED ON PLAINTIFF FOR FAILURE TO COMPLY<br><br>(Doc. 39)<br><br><u>Seven-Day Deadline</u> |

On July 21, 2021, Plaintiff Jose Pimentel ("Plaintiff") initiated this action in Superior Court of the State of California, County of Kern. (Doc. 1). Defendants removed this action to this Court on December 29, 2021. *Id*.

On May 11, 2023, the Court issued a scheduling order that, among other things, set a mid-discovery status conference for August 30, 2023, and required the parties to file a joint status report no later than one week before the conference. (Doc. 32). On August 23, 2023, the date the joint status report was due, Defendants filed a status report in which counsel detailed his unsuccessful attempts to gain Plaintiff's contribution to the report. (Doc. 33). In Defendants' report, counsel represented he had "met and conferred with Plaintiff's Counsel concerning the necessary outstanding discovery on several occasions over the past few months … To date, Counsel for Plaintiff has indicated that he will consider the … production issues, but has yet to provide any update on … when the document production will be provided." *Id.* at 2.

The following day (August 24, 2023), the Court issued an order to show cause for Plaintiff's failure to contribute to the parties' joint status report. (Doc. 34). On August 25, 2023, counsel for Plaintiff, Mr. Vincent W. Davis, filed a declaration in response to the Court's order to show cause. (Doc. 35). In that declaration, Mr. Davis acknowledged efforts to reschedule a second session of depositions pursuant to Defendants' request and represented under penalty of perjury: "Plaintiff will respond to all outstanding discovery by September 29, 2023."

On October 6, 2023, Defendant filed an informal discovery dispute letter brief that reported unsuccessful meet/confer efforts with Plaintiff to resolve a discovery dispute. (Doc. 38). In particular, Defendants reported that Plaintiff, contrary to Mr. Davis's representations to the Court, did not respond to all outstanding written discovery by September 29, 2023. As a result, when the parties reconvened for the depositions of Plaintiff and a non-party witness on October 5, 2023, and Defendants learned that Plaintiff did not bring outstanding discovery documents to the depositions, Defendants were compelled to suspend the depositions. (Doc. 41).

On October 10, 2023, the Court ordered the parties to appear for a discovery dispute conference on October 13, 2023, and for Plaintiff to file a response to Defendant's discovery dispute letter. (Doc. 39). Plaintiff did not timely file a response to the Court's order, resulting in the imposition of sanctions. (Doc. 42). In his untimely response, filed October 12, 2023, counsel for Plaintiff acknowledged that he was still "actively working to expedite the document production." (Doc. 41).

At the hearing convened on October 13, 2023, Mr. Davis represented that he was informed all documents responsive to Defendant's discovery requests had been produced; however, during discussion with counsel for Defendant, it is not clear to the Court that, in fact, all responsive documents have been produced.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 37(b) authorizes the Court to issue any just order if a party fails to obey an

order to provide or permit discovery.  Rule 37(b) further authorizes the Court to order a disobedient party and/or its attorney to pay reasonable expenses, including attorney's fees, caused by the discovery failure.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.

Here, despite the Court's extension of the time to complete nonexpert discovery a full month in excess of what the parties represented would be necessary (*see* Docs. 30, 32), it appears nonexpert discovery will not be completed by the current deadline (October 16, 2023), largely or exclusively because of Plaintiff's failure to discharge its discovery obligations in good faith. According to Defendant, this failure caused Defendant to suspend depositions and incur costs that it seeks to recover.  (Doc. 38 at 3).

Accordingly, IT IS HEREBY ORDERED that within seven days of entry of this order, Plaintiff shall show cause in writing why sanctions, including monetary sanctions, discovery sanctions or dismissal, should not be imposed for his failure to comply with a court order (this action's Scheduling Order) and his discovery obligations.[1]

///

///

---

[1] As discussed at the hearing, although nonexpert discovery closes on October 16, 2023, Defendants only may continue to undertake nonexpert discovery for the limited duration necessary to remedy Plaintiff's failure to timely undertake and accommodate discovery as described herein (*i.e.*, to complete suspended depositions and potentially seek supplemental discovery based on Plaintiff's delayed document production).

1  IT IS FURTHER ORDERED that within seven days of entry of this order, Plaintiff shall show cause in writing why Defendant's request for reimbursement of costs, fees and attorney's fees incurred preparing for and attending the suspended depositions (*see* Doc. 38) shall not be granted.

Failure to comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 13, 2023**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE